IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

        Plaintiff,                      CV F 08 0740 AWI WMW PC

   vs.                             ORDER ADOPTING FINDINGS AND
                                   RECOMMENDATIONS (DOC 14)

                                   ORDER DENYING MOTION (DOC 15)

WARDEN GONZALES, et al.,

        DefendanSt.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

       Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the CDCR at Tehachapi.   Plaintiff claims that he is illegally housed in Administrative Segregation.

       The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a

1

civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted. Larson v. Runnels, et al., 2:06 CV 00940 GEB GGH PC; Larson v. Patton, et al. 2:07 CV 01043 FCD JFM PC; Larson v. Runnels, et al., 2:07 CV 00806 FCD DAD PC. Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury. Plaintiff alleges no such facts in this case.

Accordingly, on September 4, 2008, findings and recommendations were entered, recommending that Plaintiff's application to proceed in forma pauperis be denied and Plaintiff be directed to submit the $350 filing fee in full. On September 8, 2008, Plaintiff filed objections, titled as a Motion to Show Cause.

In his objections, Plaintiff challenges the cases referred to above. In case number 2:06-CV 0940 FCDJFM P, Plaintiff contends that in a separate case, the claim was found to have merit. . Plaintiff argues that the case should therefore not count as a strike. That case was dismissed with prejudice on the recommendation of the Magistrate Judge that Plaintiff failed to state a claim for relief. The Magistrate Judge ruled that "the actions of prison officials in banning tobbaco cannot possibly be an Eighth Amendment or Fourteenth Amendment violation." Plaintiff challenged the ban on tobbaco. A review of the docket in that case reveals that Plaintiff did not file any objections, or any post judgment motions. The case that Plaintiff refers to, 2:06-CV-1413 ALA P, was brought by Plaintiff, challenging the ban on tobacco and other "tobacco substitutes" such as snuff. In that case, summary judgment was entered against Plaintiff. The court specifically held that "the instant

case differs from these other cases only in that Mr. Larson, in addition to challenging the smoking ban, focuses specifically on the ban of other "tobacco substitutes," such as snuff. The cases are not identical. In case number 2:06-CV-0940 FCD JFM P, a recommendation of dismissal with prejudice was entered, no objections were filed, and judgment was entered. The strike stands.

In case number 2:07 CV 1043 FCD JFM P, Plaintiff contends that he filed a motion to retract the complaint before he filed "for in forma pauperis status." That case was initiated by civil complaint filed on June 1, 2007. On June 18, 2007, Plaintiff filed a motion to retract the complaint. On June 22, 2007, an order was entered, finding that Plaintiff "has not demonstrated good cause to retract the original complaint." The motion was denied. On September 5, 2007, a recommendation was entered, recommending dismissal with prejudice for failure to state a claim. Plaintiff did not file objections, and on October 15, 2007, judgment was entered. No post judgment motions were filed. This strike stands.

In case number 2:07 CV 0806 FCD DAD P, Plaintiff makes a nonsense argument that his "invention of primary case transmission is reason for recall of commitment circumstances." On December 21, 2007, a recommendation of dismissal with prejudice was entered, and no objections were filed. Judgment was entered on February 4, 2008. This strike stands.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on September 4, 2008, are adopted in full;

2. Plaintiff's application to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g);

3. Plaintiff's motion to show cause, which has been construed as objections, is

1           DENIED; and

2     4.     Plaintiff is directed to submit the $350 filing fee in full, within thirty days of the date of service of this order.  Failure to do so will result in dismissal of this action for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

**Dated:**    **October 15, 2008**                **/s/ Anthony W. Ishii**
                                                   CHIEF UNITED STATES DISTRICT JUDGE